**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

NORTHWESTERN NATIONAL LIFE
INSURANCE COMPANY,
Plaintiff-Appellant,

v.

LAUREL FEDERAL SAVINGS BANK,
Defendant-Appellee,

No. 96-2130

and

FIRST SHORE FEDERAL SAVINGS AND
LOAN ASSOCIATIONS; ROBERT PAUL
MULLER,
Defendants.

NORTHWESTERN NATIONAL LIFE
INSURANCE COMPANY,
Plaintiff-Appellee,

v.

LAUREL FEDERAL SAVINGS BANK,
Defendant-Appellant,

No. 96-2131

and

FIRST SHORE FEDERAL SAVINGS AND
LOAN ASSOCIATIONS; ROBERT PAUL
MULLER,
Defendants.

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-94-3548-S)

Argued: May 8, 1997

Decided: September 29, 1997

Before HALL, WILKINS, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Robert Whelen Biddle, OBER, KALER, GRIMES & SHRIVER, P.C., Baltimore, Maryland, for Appellant. Ward Baldwin Coe, III, WHITEFORD, TAYLOR & PRESTON, L.L.P., Baltimore, Maryland, for Appellee. **ON BRIEF:** Pamela J. White, J. Kirby Fowler, OBER, KALER, GRIMES & SHRIVER, P.C., Baltimore, Maryland, for Appellant. Elise R. Davison, Pamela M. Conover, WHITEFORD, TAYLOR & PRESTON, L.L.P., Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Northwestern National Life Insurance Company appeals an order of the district court denying summary judgment on Northwestern's claim that Laurel Federal Savings Bank converted 34 checks by paying them on forged indorsements. See Md. Code Ann., Com. Law I § 3-419(1)(c) (1992). Laurel cross appeals the ruling of the district court granting summary judgment to Northwestern with respect to two other checks and awarding compensatory damages equal to the

2

face amount of those checks plus prejudgment interest. Finding no error, we affirm.

I.

This litigation arises from actions taken by Robert Muller, a former insurance agent for Northwestern. In 1988, Muller became a "producer agent" for Northwestern and was assigned identification number 1867-43616. Under the terms of his agency contract with Northwestern, Muller was authorized to sell insurance products and to collect initial premium payments, but the agreement required him to remit such payments promptly to Northwestern. Muller expressly agreed to refrain from diverting funds collected on behalf of Northwestern to personal uses.

Shortly after becoming a producer agent, Muller opened a checking account at Laurel in the name of the sole proprietorship "N.W. Agency #1867." Muller identified Northwestern as his employer on documents related to the account and informed Laurel employees that the account was intended for use in his insurance business. From October 1988 until March 1994, Muller deposited into the account proceeds of a scheme to defraud eight clients of over $500,000 by persuading them to purchase nonexistent annuities. Muller's victims paid the premiums for these bogus annuities with 36 checks, 34 of which designated the payee as "NWNL #1867,""Northwestern #1867," or some variant thereof. The remaining two checks were made out to "Northwestern Natl. Life Ins. Co." and "Northwestern National Life Casualty Company." All of the checks were indorsed with a rubber stamp reading "FOR DEPOSIT ONLY N.W. AGENCY #1867" and providing the account number. Laurel accepted the checks for deposit into Muller's account.

Northwestern discovered Muller's fraudulent activities in 1994 and reimbursed the victims for their losses. Northwestern then instituted this diversity action in district court alleging, inter alia, that Laurel had converted Northwestern's property by paying the 36 checks on forged indorsements.* See Md. Code Ann., Com. Law I § 3-

_____

*Northwestern also named First Shore Federal Savings and Loan Association and Muller as defendants. Neither First Shore nor Muller participated in this appeal.

3

419(1)(c). Laurel disputed its liability, arguing that because all of the checks were written to Muller's agency account the indorsements were not forged and it had not acted improperly in accepting the checks for deposit. Alternatively, Laurel maintained that it had acted in good faith and in a commercially reasonable manner in paying the checks and, therefore, that its liability should be limited to the amount of money remaining in the account, which was zero. See Md. Code Ann., Com. Law I § 3-419(3) (1992).

Ruling on cross-motions for summary judgment, the district court concluded that the checks written to "Northwestern Natl. Life Ins. Co." and "Northwestern National Life Casualty Company" had been paid on forged indorsements because Muller lacked the actual, implied, or apparent authority to indorse checks on which Northwestern was the payee. See Citizens Bank of Md. v. Maryland Indus. Finishing Co., 659 A.2d 313, 317-18 (Md. 1995) (holding that a depositary bank is liable for conversion when it pays a check over a forged indorsement and explaining that an unauthorized indorsement is considered a forgery for purposes of such a conversion action). The court further held that Laurel's payment of these checks was commercially unreasonable as a matter of law. See id. at 315 (noting that a bank may limit its liability in a conversion action to proceeds remaining in its possession by establishing that it acted in good faith and in a commercially reasonable manner in paying a check over a disputed indorsement). With respect to the remaining checks, the court determined that the indorsements were not forged because the items had been made payable to the agency account. After further briefing, the district court ordered damages to Northwestern in the amount of $18,566.97--the face value of the two checks converted by Laurel-- plus prejudgment interest.

II.

After carefully considering the parties' briefs and the applicable law, and having had the benefit of oral argument, we conclude that the district court correctly decided the issues before it. See Northwestern Nat'l Life Ins. Co. v. Laurel Fed. Sav. Bank, No. S-94-3548 (D. Md. Apr. 2, 1996). Accordingly, we affirm.

AFFIRMED

4